UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
<u>COURT MINUTES</u>

| | |
|---|---|
| CHAPTER | 13 |
| DATE: | April 28, 2008 |
| JUDGE: | Margaret Dee McGarity |
| CASE NO.: | 01-30923-MDM |
| DEBTOR: | Gerald and Margaret Tevz |
| ADV. NO.: | 07-2146 |
| ADV.: | Debtors v. Milwaukee County |
| NATURE OF HEARING: | Final Pretrial and Court's Decision on Motions for Summary Judgment. |
| APPEARANCES: | Michael Maloney, Attorney for the Plaintiff |
| | Robert Howell, Attorney for the Defendant |
| | Jack Zaharopoulos for the Chapter 13 Trustee |
| COURTROOM DEPUTY: | Heath Krida |
| LAW CLERK: | Kris Trapp |
| COURT REPORTER: | Gwendolyn Grischeau |
| TIME: | 10:00 - 10:15 a.m. |

<u>Background</u>. The relevant facts are not in dispute. The chapter 13 debtors filed their petition on September 24, 2001. The debtors' plan was confirmed without objection on November 27, 2001. The plan provided:

> Secured creditors shall retain their mortgage, lien or security interest in collateral until the amount of their allowed secured claims have been fully paid. Upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the Plan shall be deemed to have their full claims satisfied, or the Court may order termination of such mortgage, lien or security interest.

(Chapter 13 Plan § 3.a, filed 9/28/01). The plan also provided for the City of West Allis to be paid 12% interest on its $3,579.00 secured claim.

The debtors' property taxes had been deemed delinquent by the City of West Allis and the debt was turned over to Milwaukee County for collection prepetition. The county filed a timely unsecured priority proof of claim for $3,776.06 for "Unpaid Real Estate Taxes with applicable interest and penalty charges." The proof of claim stated that "[i]nterest and penalty charges continue to accrue until real estate taxes are paid in full." (Proof of Claim No. 1, filed 11/8/01).[1] Attached to the proof of claim was a notice of real estate tax due which included the following explanation: "State Law requires 12% interest per year on unpaid taxes. County Ordinance requires 6% interest. That is a total of 18% interest." It was acknowledged by the parties that the county was a secured creditor. However, the amount of interest to be accrued over the course of the plan was not calculated and not paid by the trustee.

---

[1]The proof of claim did not include any pre-calculated interest as required by the Local Rules in effect at the time. The Local Rules in effect at the time the subject proof of claim was filed provided:

LR 3001.1    Claims Secured by Real Estate. When a claim secured by real estate is filed, it shall separately state and itemize any claim for arrearages. A copy of such claim shall be sent to the debtor, the debtor's attorney and the standing chapter 13 trustee.

LR 3001.2    Secured Claims Shall Show Precomputed Interest. A secured claimant seeking interest during the term of the plan shall separately show the principal sum due and the precomputed interest.

1

Case 07-02146-mdm    Doc 48    Filed 04/30/08    Page 1 of 3

The county's total allowed secured claim of $3,776.06 was paid in full. The fact that this is slightly more than provided for by the plan is apparently not an issue. The debtors completed their plan and received a discharge on January 25, 2005. The case was closed September 28, 2005.

After the discharge, Milwaukee County mailed billing statements to the debtors claiming that the year 2000 property taxes were delinquent. The billing statements included amounts of $795.68 for 2000 tax, $397.84 for penalties, and $198.92 for interest, for a total of $1,392.44. On April 18, 2007, the county filed an *in rem* foreclosure action against the debtors based on the purported property taxes from 2000. The county mailed the debtors notice of the foreclosure action, along with a letter stating that the debtors had until July 3, 2007, to pay the 2000 property taxes, penalties, interest and administrative fees, or their house would be foreclosed upon. Since part of the tax remained unpaid in spite of full payment under the plan, it appears that some of the trustee payments were applied to accruing interest.

The bankruptcy case was reopened on May 10, 2007, to allow the debtors to file an adversary proceeding to enforce the discharge injunction. This adversary proceeding was filed on June 13, 2007. Both the debtors and the county filed motions for summary judgment.

Arguments. The debtors argue the tax foreclosure action is an attempt to coerce the debtors into paying the discharged debt. Thus, while the action appears on its face to be *in rem*, the county's actions are an act to collect the debt personally from the debtors. *See In re Pratt*, 462 F.3d 14 (1st Cir. 2006; *In re Kuehn*, 2007 U.S. Dist. LEXIS 88191 (W.D. Wis. 2007). Additionally, the penalties were never collectible because the "'penalties are not in harmony with the overall philosophy of the Bankruptcy Code which is to effectuate a fair and equitable distribution of the assets of the estate to creditors.'" *In re Schneider*, 162 B.R. 199, 200 (Bankr. E.D. Wis. 1993) (citing *In re Klefstad*, 95 B.R. 622 (Bankr. W.D. Wis. 1988)). Additionally, the confirmed plan did not provide for payment of penalties. Under state law, when the assessed value of the tax debt was paid through the plan, the lien extinguished. Wis. Stat. § 70.323(3). Interest and penalties are not part of the lien by statute. The county misapplied the chapter 13 payments to penalties and interest accrued during the plan.

According to the debtors, the county never questioned the discharge order, never objected to the plan's treatment of its claim, accepted the funds paid by the trustee, and did not seek to reopen the case or file a motion to reconsider the discharge. The court has already determined that the debtors have completed all payments under the plan through the discharge order. The plan provided for the county's claim to be paid in full and, as a result, the county's allowed secured claim was fully paid and its lien has been released. The county simply proceeded to knowingly coerce the debtors into payment. An injunction against foreclosure and collection, contempt, actual damages, attorney's fees, costs and punitive damages are all warranted.

The county argues the debtors' complaint wholly fails to create any legal basis upon which relief may be granted and, as such, must be dismissed upon its merits. Contrary to the debtors' assertions, the debt still owed the county was not discharged. The plain terms of the plan provided for payment of the secured claim with 12% interest based on a five-year plan, or $429.48 per year, for a total of $5,726.40. What was actually paid to the county was $3,776.06. Neither the interest and penalties provided for in the proof of claim nor the interest provided for in the plan was paid to the county. Because the county's claim was not paid in full, it retained its lien postdischarge.

The county points out that an *in rem* foreclosure proceeding on a debt that was not discharged does not violate section 524 of the Code. *See In re Kinion*, 207 F.3d 751 (5th Cir. 2000); *In re Martin*, 157 B.R. 268 (Bankr. W.D. Va. 1993). As long is it is clear the creditor is not attempting to collect the debt as a personal liability, it is not improper for a secured creditor to contact a debtor postdischarge. *Garske v. Arcadia Fin. Ltd.*, 287 B.R. 537 (B.A.P. 9th Cir. 2002). Tax penalties are not universally proscribed. The purpose of interest and penalties is beyond individual punishment; rather, the collection of penalties defrays the burden otherwise placed on compliant taxpayers.

Decision. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on

2

file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056. Because there are no material facts in dispute, the issues may be decided as a matter of law.

Under section 524(a)(2), a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2).

The West Allis proof of claim did not include any pre-calculated interest as required by the Local Rules. However, this failure to provide a calculation of interest does not preclude Milwaukee County from receiving the interest it is entitled to by state law, and it does not destroy the secured nature of the right to receive interest. The county did incorrectly apply plan payments towards the interest it had not included in the proof of claim and was not rerceiving. An incorrect accounting alone, however, does not rise to the level of a willful violation of the discharge injunction. The plan provided for the retention of liens if the relevant secured claims were not paid in full.

The creditor is entitled to interest accrued during the dependency of the plan, but the creditor is not entitled to penalties. *In re Schneider*, 162 B.R. 199, 200 (Bankr. E.D. Wis. 1993) (citing *In re Klefstad*, 95 B.R. 622 (Bankr. W.D. Wis. 1988)). Section 506(b) provides for interest on a secured claim, but not penalties. The additional 6% provided by § 74.47(2) is clearly labeled a penalty. Nevertheless, the actions taken in the attempted collection of the discharged penalties was no different from actions used to collect the interest the county was entitled to, so no damages for violation of the discharge injunction are warranted. *See, e.g., In re Rivera Torres*, 309 B.R. 643 (B.A.P. 1st Cir. 2004); *In re Howard*, 307 B.R. 659 (Bankr. D. Minn. 2004); *In re Henry*, 266 B.R. 457 (Bankr. C.D. Cal. 2001).

The county's actions were excusable as *in rem*, as opposed to *in personam*, collection proceedings. "*In rem* " is defined as "[a] technical term used to designate proceedings or actions instituted *against the thing,* in contradistinction to personal actions, which are said to be *in personam.*" Black's Law Dictionary 793 (Deluxe 6th ed. 1990) (emphasis in original). Section 524 does not preclude *in rem* actions against debtors. *See Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991) (bankruptcy discharge extinguishes only actions against debtor *in personam,* leaving intact actions *in rem* ). Threats to repossess collateral unless the debtor pays the indebtedness according to its terms are *not* violations of the discharge injunction. They are simply legitimate steps taken to enforce the *in rem* liability. *In re Herrera*, 380 B.R. 446, 454 n.12 (Bankr. W.D. Tex. 2007). The county filed its action in state court seeking only to recover the collateral; the county did not seek to affix a personal money judgment against the debtors. *See* Petition in the Matter of the Foreclosure of Tax Liens, filed April 18, 2007.

The debtors' motion for summary judgment is granted, in part, and denied, in part. The county's motion for summary judgment is granted, in part, and denied, in part. Recalculation of interest is appropriate to determine how much interest would be due if payments by the trustee had been properly applied. Mr. Howell will calculate the interest due the creditor within three weeks of the date of this hearing and provide this information to Mr. Maloney. If the parties agree to the amount of interest still owed, Mr. Howell will submit an order to the court. If disagreements arise concerning the amount of interest due the county, the parties will notify the court. Penalties under § 74.47(2) Wis. Stat. are denied.

The trial scheduled for May 30th was removed from the court's calendar.

3